UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [17] REPORT AND RECOMMENDATION, OVERULLING [19] OBJECTIONS, AND GRANTING [8] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:25-cv-00074-DBB-DAO<br><br>District Judge David Barlow |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation to Grant Defendant's Motion to Dismiss and Dismiss Action without Prejudice ("R & R").[1] Plaintiff filed a timely objection.[2] For the reasons stated below, the court adopts the Report and Recommendation.

## BACKGROUND

Mr. Braun brought this action to correct unspecified information about him contained in a government database somewhere that is causing him to fail background checks, preventing him from dating, preventing various government agencies from granting or responding to his requests, and interfering with his finances.[3]

The Magistrate Judge recommended dismissal of Mr. Braun's claims. First, the Magistrate Judge recommended dismissal of Mr. Braun's claims under the APA because Mr.

---

[1] R. & R. to Grant Def.'s Mot. to Dismiss and Dismiss Action without Prejudice ("R&R"), ECF No. 17, filed February 3, 2026.
[2] Objs. to R. & R. to Grant Def.'s Mot. to Dismiss ("Obj."), ECF No. 19, filed February 17, 2026.
[3] R&R 1.

Braun did not allege any final agency action.[4] Second, the Magistrate Judge recommended dismissal of Mr. Braun's Privacy Act claims because he failed to meet the elements required to state a claim.[5] And third, the Magistrate Judge recommended dismissal of Mr. Braun's claims under various criminal statutes because these statutes do not provide for a civil cause of action.[6]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[7] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[8]

The court "reviews unobjected-to portions of a report and recommendation for clear error."[9] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[10] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[11]

## DISCUSSION

The court first considers Mr. Braun's objections and then considers the unobjected-to portions of the Magistrate Judge's recommendation. Mr. Braun's objection is difficult to follow, but the court liberally construes it.[12]

---

[4] R&R 15–20.

[5] R&R 20–25.

[6] R&R 25–26.

[7] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[8] *See id.*

[9] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[10] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[11] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah 2020) (cleaned up).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Braun first objects that this court has jurisdiction under 28 U.S.C § 1331.[13] But the Magistrate Judge did not recommended dismissal of Mr. Braun's claims because of a lack of jurisdiction under § 1331, and thus this objection lacks specificity.

Mr. Braun next argues that this court has jurisdiction under 5 U.S.C. § 702.[14] Mr. Braun states that he has been adversely affected by Office of Management of Budget's continued failure to respond to his submissions.[15] But Mr. Braun presents no objection to the Magistrate Judge's finding that Mr. Braun did not allege any final agency action or that an agency failed to take any discrete agency action that the agency is required to take.[16] Thus, Mr. Braun's objection based on the APA also lacks specificity.

Next, Mr. Braun repeats his claims that the Government is violating the Privacy Act.[17] But his objection fails to address the required elements to state a claim under the Privacy Act or why the Magistrate Judge was incorrect to find that he had failed to meet those elements. And, as stated in the Magistrate Judge's recommendation, it remains "unclear what information or records are at issue, which agency failed in managing them, how the agency failed, or that any agency did so intentionally or willfully."[18] Thus, this objection lacks specificity.

Next, Mr. Braun argues that the U.S. Government violated 42 U.S.C. § 1395w-102 when his insurance coverage for a weight-loss drug was denied.[19] But the Magistrate Judge recommended dismissal of this count because the only cause of action the Magistrate Judge

---

[13] Obj. 2.
[14] Obj. 2–3.
[15] *Id.*
[16] *See* R&R 15–20.
[17] Obj. 3–4.
[18] R&R 24.
[19] Obj. 4.

3

could find in the complaint was under the APA, and Mr. Braun failed to allege a final agency action under the APA. Thus, Mr. Braun's objection does not address the Magistrate Judge's recommendation and lacks specificity.

Next, Mr. Braun argues 28 U.S.C § 1491(a)(2) grants this court jurisdiction.[20] But that section deals specifically with the jurisdiction of the United States Court of Federal Claims.[21] Thus, this objection is meritless.

The remainder of Mr. Braun's objection quotes his complaint and then repeats his desired relief under the various counts in his complaint.[22] It fails to object with specificity to any of the Magistrate Judge's recommendations.

All in all, Mr. Braun's objections either lack specificity or are meritless. The unobjected-to portions of the Magistrate Judge's report and recommendation are reviewed for clear error. The Magistrate Judge's report and recommendation is not clearly erroneous. Thus, the court adopts the report and recommendation in full.

## ORDER

The Report and Recommendation[23] is ADOPTED. Plaintiff's Objection[24] is OVERRULED. Defendant's Motion to Dismiss[25] is GRANTED. Plaintiff's case is dismissed without prejudice.

---

[20] Obj. 5.
[21] 28 U.S.C § 1491(a)(1).
[22] Obj. 6–8.
[23] ECF No. 17.
[24] ECF No. 19.
[25] ECF No. 8.

Signed March 16, 2026.

BY THE COURT

_____

David Barlow
United States District Judge